UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GENNADIY M. DOMNISTER, *et al.*,

                      Plaintiffs,                **MEMORANDUM & ORDER**
                                                                                            03-CV-1666 (NGG) (RLM)

      -against-

EXCLUSIVE AMBULETTE, INC., *et al.*,

                      Defendants.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

I.      **Procedural Background**

In this action against their former employer ("Exclusive Defendants") and their union ("Union Defendants") (collectively, "Defendants"), Plaintiffs alleged, *inter alia*, that Exclusive Defendants failed to apply to Plaintiffs the more favorable terms and conditions of a collective bargaining agreement ("CBA") that was applied to "American born employees" and that Plaintiffs were terminated in retaliation for complaining about this inequity. (Amended Complaint (Docket Entry #7) at 14-15.) As redress, Plaintiffs sought retroactive application of the terms of the more favorable CBA, back wages, and reinstatement. (Id. at 16.)

In a Memorandum and Order ("M&O") dated November 27, 2007, this court granted Defendants' motions for summary judgment. The court dismissed with prejudice all claims against Union Defendants and many claims against Exclusive Defendants, but declined "to exercise jurisdiction over claims four and six [against Exclusive Defendants] and refer[red] them to the state courts for adjudication." (M&O (Docket Entry # 73) at 29-30.) Claims four and six of Plaintiffs' Amended Complaint alleged violations of New York State Human Rights Law and

1

the New York City Civil Rights Law, respectively, and both read as follows: "Plaintiffs were retaliated against and some of them terminated for complaining about different terms and conditions of employment applied to them as opposed to the terms applied to American born employees of the defendant corporation." (Amended Complaint at 14-15.)

Exclusive Defendants now move for reconsideration and modification of the court's decision "due to a failure to apply the preemption of the National Labor Relations Act ("NLRA") to the fourth . . . and sixth . . . claims." (Memorandum of Law in Support of Defendants' Motion to Reconsider and Modify the Court's Memorandum and Order Dated November 27, 2007 and Judgment Dated November 29, 2007 ("Defs.' Br.") (Docket Entry #84) at 1.) Exclusive Defendants contend that the court did not have discretion whether to exercise pendent jurisdiction over these claims, but was obligated instead to "dismiss said claims outright (*i.e.*, without referral for state court adjudication)" because they were preempted by the National Labor Relations Act ("NLRA") and subject to the exclusive jurisdiction of the National Labor Relations Board ("NLRB"). (Id. at 2.)

Subsequent to Exclusive Defendants' filing of the instant motion, Plaintiffs filed a state-court action in the Supreme Court, State of New York, Kings County asserting the state claims that the court had dismissed without prejudice to refiling. (Reply Memorandum of Law in Support of Defendants' Motion to Modify the Court's Order of November 27, 2007 ("Reply Br.") (Docket Entry # 88) at 1 n.1.) Defendants removed that action to federal court, and the case is now pending before this court as Case No. 08-CV-463.

For the reasons set forth below, Defendants' motion for reconsideration is GRANTED and claims four and six are dismissed with prejudice pursuant to the preemption doctrine set

forth in San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959) ("Garmon preemption").

## II. Discussion

Notwithstanding their protests to the contrary, Exclusive Defendants raise their Garmon preemption argument with respect to claims four and six for the first time in this motion for reconsideration. Indeed, Exclusive Defendants previously raised the argument with respect to Plaintiffs' Second Cause of Action (see Memorandum of Law in Support of Exclusive Defendants' Motion for Summary Judgment (Docket Entry # 46) at 16-17), but challenged Plaintiffs' state-law retaliation claims only on the grounds that Plaintiffs had failed to state a claim under New York Law, (see id. at 17-23). Normally, this failure would preclude granting a motion for reconsideration. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997) (a motion for reconsideration "may not advance new facts, issues, or arguments not previously presented to the court"). However, because Garmon preemption is a question of jurisdiction, see Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees v. Lockridge, 403 U.S. 274, 276 (1971) (under the doctrine of Garmon preemption, the NLRA "pre-empts state and federal court jurisdiction to remedy conduct that is arguably protected or prohibited by the Act"), and because a challenge to the existence or absence of subject-matter jurisdiction is never waived, see Louisville & Nashville R.R. Co. v. Mottle, 211 US 149 (1908), the court will consider the argument.[1]

---

[1] The court notes the oddity of considering, on a motion for reconsideration, whether it has jurisdiction over claims over which it has already declined to exercise jurisdiction. The original decision to dismiss the claims without prejudice, however, was an exercise of the court's discretion to decline to exercise jurisdiction over pendent state-law claims. See Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction

3

As to the merits, "[w]hen an activity is arguably subject to [§] 7 or [§] 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board . . ." Garmon, 359 U.S. at 245. Generally, "[s]ections 7 and 8 of the Act regulate 'concerted activities' and 'unfair labor practices,' respectively, seeking to protect the former and stamp out the latter." Bldg. Trades Employers' Educ. Ass'n v. McGowan, 311 F.3d 501, 508 (2d Cir. 2002). Section 7 of the Act provides that "[e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . ." 29 U.S.C. § 157. Section 8 provides that "it shall be an unfair labor practice for an employer to interfere with, restrain or coerce employees in the exercise of the rights guaranteed in section 157 of this title." 29 U.S.C. § 158. "[A]s a general rule, neither state nor federal courts have jurisdiction over suits directly involving" such activity. Vaca v. Sipes, 386 U.S. 171, 179 (1967). As specifically relevant here, the Supreme Court has found retaliation by an employer in response to "an individual employee's reasonable and honest invocation of a right provided for in his collective-bargaining agreement" to constitute "concerted activity" within the meaning of the NLRA. N.L.R.B. v. City Disposal Sys. Inc., 465 U.S. 822, 841 (1984).

Although Plaintiffs did not invoke a specific right provided for in the CBA that was being applied to them, they alleged in claims four and six that Exclusive Defendants retaliated against

---

is a doctrine of discretion . . .") By contrast, a conclusion that Garmon preemption applies, as Exclusive Defendants now urge, would require a non-discretionary dismissal with prejudice because the court would be without subject-matter jurisdiction over the claims. Given this important distinction, the court will consider whether it has jurisdiction despite its prior decision not to exercise jurisdiction.

Plaintiffs because they complained to their Union that the terms of one CBA rather than another with more favorable conditions should be applied to them.[2] In addition, Plaintiffs' argument that the more favorable CBA should have applied to them was premised in part on the contention that a specific provision of that CBA — Article 22A — required that it be applied to them. (See M&O at 18-19.) These complaints invoking a right purportedly provided for in a CBA are similar in kind to those found to be "concerted activity" in City Disposal Systems. Thus, Plaintiffs' complaints about the terms and conditions of their employment were at least "arguably protected" as "concerted activities for the purpose of collective bargaining or other mutual aid or protection" by Section 7 of the NLRA. By extension, Defendants' alleged termination of Plaintiffs for engaging in such activity was at least "arguably prohibited" by Section 8 of the NLRA.

  This conclusion does not end the inquiry, however, because even where the activity at issue arguably falls under the jurisdiction of the NLRA, state-law claims may proceed if one of three "generally recognized" exceptions to the Garmon preemption doctrine applies. These exceptions come to bear: (1) when Congress has expressly carved out an exception to the NLRB's primary jurisdiction; (2) when the regulated activity touches "interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional directions," courts "could not infer that Congress had deprived the States of the power to act"; or (3) when the "regulated activity is merely a peripheral or collateral concern of the labor laws." Tamburello v. Comm-Tract Corp., 67 F.3d 973, 977 (1st Cir. 1995) (citing Vaca, 386 U.S. at 179-80; Sears,

---

[2] Defendants denied that Plaintiffs ever filed formal grievances with their union, but Plaintiffs submitted evidence on summary judgment that they did air these complaints with their union, albeit informally. (See M&O at 7.)

Roebuck & Co. v. San Diego County Dist. Council of Carpenters, 436 U.S. 180, 197-98 (1978)).

Plaintiffs have not argued that any of the exceptions to Garmon preemption apply here,[3] and none present themselves to the court upon independent review. The court has not found any indication that Congress has made an exception to the NLRB's primary jurisdiction for state-law discrimination claims,[4] nor can the court conclude that Plaintiffs' allegation of discriminatory application of a CBA is a matter of merely peripheral concern to the NLRB. See Chaulk Services, Inc. v. Mass. Com'n Against Discrimination, 70 F.3d 1361, 1365 n.2, 1365-67 (1st Cir. 1995) (noting that Congress has not made an exception to the NLRB's primary jurisdiction for

---

[3] In fact, Plaintiffs' brief is entirely unresponsive to Defendants' Garmon preemption argument. Instead, Plaintiffs argue exclusively that § 301 of the Labor Management Relations Act does not preempt state laws governing discriminatory treatment. (Plaintiffs' Memorandum of Law In Opposition to Exclusive Defendants' Motion for Reconsideration at 2-5.) However, § 301 preemption and Garmon preemption are wholly different preemption doctrines. See Foy v. Pratt & Whitney Group, 127 F.3d 229, 236-237 (2d Cir. 1997) (distinguishing between Garmon preemption and § 301 preemption). § 301 preemption applies when a plaintiff attempts to bring a state-law claim for breach of a contract between an employer and a labor organization representing an employee, where one of the elements of the claim requires interpretation of a CBA. Id. at 233. The application of § 301 preemption results in a claim that is subject to federal, rather than state, jurisdiction and requires resolution by reference to federal law. Vera v. Saks & Co., 335 F.3d 109, 114-16 (2d Cir. 2003). By contrast, application of Garmon preemption results in the NLRB's exclusive jurisdiction over the claim, to the exclusion of both state and federal court jurisdiction. See Garmon, 359 U.S. at 245. Thus, Plaintiffs' invocation of § 301 preemption doctrine is misplaced.

[4] The court is mindful that although the gravamen of Plaintiffs' claims four and six is that Defendants retaliated against them based on the complaints outlined above, the allegations also suggest that Defendants' refusal to apply the more favorable CBA was motivated by discriminatory animus, i.e. by the fact that Plaintiffs are not "American born." It bears noting that discrimination claims brought under Title VII are not preempted by the NLRA because Title VII and the NLRA, as federal statutes, enjoy "concurrent jurisdiction" over discrimination claims in the context of labor disputes. See Britt v. Grocers Supply Co., Inc., 978 F.2d 1441, 1447 (5th Cir. 1992). Discrimination claims brought pursuant to state law, however, do not enjoy similar concurrent jurisdiction, and Garmon preemption therefore may apply to state-law discrimination claims that arise in the context of a labor dispute unless one of the exceptions to the doctrine saves the state-law claim.

6

claims alleging sex discrimination in the context of an unfair labor practice and that the Board's authority to remedy such interference with union activities is central to its purpose).

To avail themselves of the so-called "local interests" exception, Plaintiffs' allegations must implicate a significant state interest in protecting its citizens from the challenged conduct, *and* the controversy which could be presented to the state court must be different from that which could have been presented to the NLRB. See id. at 1366; Sears, 436 U.S. at 197 ("The critical inquiry, therefore, is . . . whether the controversy presented to the state court is identical to . . . or different from . . . that which could have been, but was not, presented to the Labor Board. For it is only in the former situation that a state court's exercise of jurisdiction necessarily involves a risk of interference with the unfair labor practice jurisdiction of the Board which the arguably prohibited branch of the Garmon doctrine was designed to avoid.")

Here, while Plaintiffs' allegations that the less favorable CBA was applied to them because they are not "American born" arguably implicate a significant state interest, the alleged discrimination involves precisely the same conduct — failure to apply a more favorable CBA — that could have been presented to the NLRB. See Sears, U.S. at 193-94 ("[T]he pertinent inquiry is whether the two potentially conflicting statutes [are] brought to bear on precisely the same conduct.") (citation omitted); see also Chaulk Services, 70 F.3d at 1367 (declining to apply the exception because Plaintiff's "claim of sex discrimination is founded upon the identical facts which provided the basis for the unfair labor practices charge brought on [Plaintiff's] behalf by the union"). Moreover, Plaintiffs' requests for reinstatement and back pay are "relief that the Board could provide." See Platt v. Jack Cooper Trans., 959 F.2d 91, 95 (8th Cir. 1992) (holding that Garmon preemption applied to safety complaints Plaintiff could have brought to the NLRB;

7

"both the retaliatory conduct alleged and the remedy sought are directly relevant to the Board's central function. . . .")

Accordingly, I conclude that Plaintiffs' claims four and six are arguably subject to the provisions of the NLRA and that none of the exceptions to the application of Garmon preemption are applicable here. Accordingly, Plaintiffs' claims are subject to the exclusive jurisdiction of the NLRB.

The parties should note that the court has reviewed the Complaint in Case No. 08-CV-463. Based upon that review, it appears that Garmon preemption applies with equal force to the claims asserted in that case. However, in an abundance of caution, the court will schedule a conference in Case No. 08-CV-463 at which the parties will have opportunity to inform the court of their views on this issue.

## III. Conclusion

For the reasons set forth above, Exclusive Defendants' motion for reconsideration and modification is GRANTED. Claims four and six of the complaint are dismissed with prejudice. The November 29, 2007 judgment is hereby modified accordingly.


SO ORDERED.

Dated: May 21, 2008                                                     s/ Nicholas G. Garaufis
Brooklyn, New York                                      NICHOLAS G. GARAUFIS
                                                                              United States District Judge